UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVELYN CONDE for<br>MADELINE LOPEZ,<br><br>            Plaintiff,<br><br>            v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>            Defendant. | Civil Action No. 07-5580 (SRC)<br><br>**ORDER** |

**CHESLER**, District Judge

    This matter comes before the Court on the motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, by Plaintiff Evelyn Conde for Madeline Lopez. Pursuant to Fed. R. Civ. P. 78, the Court did not hear oral argument. After considering the submissions of the parties, and based upon the following, Plaintiff's application for attorney's fees is **GRANTED** in part and **DENIED** in part.

    In brief, the background to this motion is as follows. Plaintiff appealed the final decision of the Commissioner of Social Security ("Commissioner") determining that Madeline Lopez is not eligible for Disability Income benefits under the Social Security Act ("the Act"). Plaintiff did not file the statement required by L. Civ. R. 9.1(2), but filed a brief in support of her appeal. The Commissioner agreed to a remand, and the appeal was resolved via a consent Order, reversing the Commissioner's decision and remanding the case. Plaintiff subsequently filed the instant motion for attorney's fees in the amount of $4796.50. Defendant has opposed this motion, arguing that the amount of fees is excessive because, in short, Plaintiff failed to comply with L.

CIV. R. 9.1(2).

In reply, Plaintiff concedes that "defendant has a point." (Pl.'s Reply Br. 1.) Yet Plaintiff argues, in essence, that L. CIV. R. 9.1(2) statements are a waste of time. This is unpersuasive both as a policy recommendation and as a legal argument. The party seeking attorney's fees must prove the reasonableness of its request. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). Plaintiff has not persuaded this Court that the request is reasonable.

To meet its burden, Plaintiff must "submit evidence supporting the hours worked and rates claimed." Id. If a party challenges the fee request, it must identify the portion of the fee request being challenged and state the ground for the challenge. Bell v. United Princeton Properties, 884 F.2d 713, 715 (3d Cir. 1989). The court possesses wide discretion "in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse parties." Id. at 721. A court may not award less in fees than requested unless the opposing party makes specific objections to the fee request. U.S. v. Eleven Vehicles, 200 F.3d 203, 211 (3d Cir. 2000).

As Defendant points out, this fact pattern evidences a recurring problem in Social Security appeal cases in this district: a plaintiff does not submit the brief statement required by L. CIV. R. 9.1(2) but, instead, writes a full brief. After the case is resolved in plaintiff's favor on consent, plaintiff asks the Commissioner to pay the entire cost of writing the brief, when the appeal might have been amenable to the same resolution – but achieved at lower cost – after submission of the required summary statement. In such cases, a number of courts in this district have adopted the practice of reducing the hours charged for writing the brief to 7.2 hours, an estimate of the time that would have been required to write the L. CIV. R. 9.1(2) statement. See,

e.g., Shalan v. Commissioner of Social Sec., 2008 WL 2224809 (D.N.J. May 27, 2008).

L. Civ. R. 9.1(2) states that its purpose is "to encourage early and amicable resolution of Social Security matters."  This Court agrees with Defendant, and with our sister Courts of this district, that this policy is furthered by reducing awards of attorney's fees when an attorney fails to comply with the requirements of the rule.  Plaintiff's request for fees is not entirely reasonable and will be reduced.  Plaintiff has requested an award of 21.5 hours for writing the brief, and a total award of 27.95 hours at the hourly rate of $171.61.  This Court limits the award for time spent writing the brief to 7.2 hours, resulting in a total award of 13.65 hours.  At an hourly rate of $171.61, this yields an award of $2342.48.

As to the issue of whether these fees should be awarded to Plaintiff or Plaintiff's counsel, this Court awards them to Plaintiff's counsel, for the reasons stated in Williams v. Comm'r of Soc. Sec., 549 F. Supp. 2d 613 (D.N.J. 2008).

Plaintiff's motion for attorney's fees will be granted in part and denied in part, and Plaintiff's attorney will be awarded $2342.48.

For these reasons,

**IT IS ON THIS** 31st DAY OF March, 2009

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 17), pursuant to 28 U.S.C. § 2412, is **GRANTED**; and it is further

**ORDERED** that Defendant shall pay attorney's fees and costs to Plaintiff's attorney, Langton & Alter, Esqs., in the amount of $2342.48.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.